UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| SHANNON J. ROLLINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:25-cv-00105-SNLJ |
| | ) | |
| K. GOGGINS, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Plaintiff Shannon J. Rollins initiated this civil action by filing a complaint under 42 U.S.C. § 1983 against multiple defendants associated with the Ste. Genevieve County Jail. [Doc. 1]. Now pending before the Court are two motions from Plaintiff: a motion to proceed *in forma pauperis*, or without prepayment of the required fees and costs, and a motion to amend the complaint. [Docs. 2, 4]. Having reviewed the motion to proceed *in forma pauperis* and the financial information submitted in support, the Court will grant the motion and assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). However, because the Court will not allow amendment by interlineation and Plaintiff did not include a proposed amended complaint with his request to amend, the motion to amend will be denied without prejudice. Plaintiff will have thirty (30) to file an amended complaint on the Court-provided form and in compliance with the Court's instructions herein. Plaintiff is warned that because he is proceeding *in forma pauperis*, the Court will review the amended complaint under 28 U.S.C. § 1915 for frivolity, maliciousness, failure to state a claim, and/or seeking monetary relief from an immune defendant. *See* 28 U.S.C. § 1915(e)(2)(B).

**Motion to Proceed *in Forma Pauperis***

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff is a federal pretrial detainee being held at the Ste. Genevieve County Jail. [Doc. 1 at 2]. In his signed and sworn motion to proceed *in forma pauperis*, Plaintiff states that he is not employed, and he has no income. [Doc. 2 at 1]. However, he admits to having $9.95 in his inmate account and that he has received $40 from a friend or family member. [*Id.* at 1-2]. Plaintiff also informs the Court that the Ste. Genevieve County Jail Administrator has refused to provide him with a copy of the last six months of activity in his inmate account. [Docs. 1 at 7, 2 at 1, 3 at 1]. Based on the financial information Plaintiff has submitted, the Court will assess an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If Plaintiff is unable to pay this initial partial filing fee amount, he must submit a copy of his prison account statement in support of his claim.

2

**Motion to Amend**

On September 2, 2025, Plaintiff filed a motion requesting to amend the Complaint to add a request for injunctive relief and to add a defendant. [Doc. 4 at 2]. However, the Court does not accept amendments by interlineation (*i.e.*, by adding language to the pending complaint), because it creates confusion in the record, especially for the responding party. Furthermore, Plaintiff here did not include a proposed amended complaint with his motion to amend. *See Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008) (finding that it is appropriate to deny leave to amend a complaint when a proposed amendment was not submitted with the motion); *Clayton v. White Hall Sch. Dist.*, 778 F.2d 457, 460 (8th Cir. 1985) ("[I]n order to preserve the right to amend the complaint, a party must submit the proposed amendment along with its motion."). For these reasons, Plaintiff's motion to amend will be denied without prejudice. However, the Court will direct the Clerk of Court to send him a blank Prisoner Civil Rights Complaint form and Plaintiff will have thirty (30) days from the date of this Order to file an amended complaint for review. Plaintiff should consider the following instructions when filing his amended complaint.

**Amendment Instructions**

Plaintiff is warned that he cannot seek dismissal of pending criminal charges as relief in an action brought under § 1983. As of the date of this Order, there are criminal charges pending against Plaintiff in this United States District Court. *United States v. Rollins*, No. 4:23-cr-00589-MTS-NCC-1 (E.D. Mo. filed Oct. 25, 2023). According to Plaintiff's instant Complaint, he filed this action seeking monetary damages, injunctive relief, and dismissal of his pending criminal case. [Doc. 1 at 5]. Although a plaintiff in a § 1983 action may seek money damages for civil rights violations relating to his conditions of confinement, he may not seek expungement or

3

vacatur of his criminal charges or conviction.  If a plaintiff is seeking release from confinement, challenges to the fact or duration of confinement are properly sought under a writ of habeas corpus.[1]  *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  When Plaintiff files his amended complaint in this matter, he should only seek relief that is cognizable in a § 1983 action.

Furthermore, Plaintiff is advised that the filing of an amended complaint **completely replaces** the original complaint, and so it must include all claims Plaintiff wishes to bring.  *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect").  Any claims from the original complaint or any supplements that are not included in the amended complaint will be deemed abandoned and will not be considered.  *Id*.  Plaintiff must **type or neatly print** the amended complaint on the Court-provided prisoner civil rights complaint form, and the amended complaint must comply with the Federal Rules of Civil Procedure.  *See* E.D. Mo. L.R. 2.06(A).

Finally, after receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915.  Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant.  If Plaintiff fails to file an amended complaint on a Court-provided form within thirty (30) days in accordance with the instructions set forth herein, the Court may dismiss this action without prejudice and without further notice to Plaintiff.

---

[1] Generally, pre-trial habeas petitions "are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *Dickerson v. State of La.*, 816 F.2d 220, 224 (5th Cir. 1987).  However, "[t]o be eligible for habeas corpus relief under § 2241, a federal pretrial detainee generally must exhaust other available remedies." *Hall v. Pratt*, 97 F. App'x 246, 247 (10th Cir. 2004) (citing *Fassler v. United States*, 858 F.2d 1016, 1018 (5th Cir. 1988); *United States v. Pipito*, 861 F.2d 1006, 1009 (7th Cir. 1987); *Moore v. United States*, 875 F. Supp. 620, 623 (D. Neb. 1994).  The Court notes that the docket sheet for Plaintiff's pending criminal matter indicates that Plaintiff currently has motions pending in that case that address some of the same issues raised in the Complaint before the Court.  *See U.S. v. Rollins*, No. 4:23-cr-00589-MTS-NCC-1, Docs. 110-11.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 2] is **GRANTED**. *See* 28 U.S.C. § 1915(b)(1).

**IT IS FURTHER ORDERED** that Plaintiff shall pay an initial filing fee of $1.00 within **thirty (30) days** of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding. *See* 28 U.S.C. § 1915(b)(1).

**IT IS FURTHER ORDERED** that Plaintiff's motion to amend [Doc. 4] is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to Plaintiff a blank copy of the Court's Prisoner Civil Rights Complaint form.

**IT IS FURTHER ORDERED** that, within **thirty (30) days** of the date of this Order, Plaintiff shall file an amended complaint on the Court-provided form and in compliance with the Court's instructions.

**IT IS FURTHER ORDERED** that upon submission of the amended complaint, the Court shall review this action pursuant to 28 U.S.C. §1915.

**Plaintiff's failure to timely comply with this Order shall result in the dismissal of this action, without prejudice and without further notice.**

Dated this 16th day of September, 2025.

　　　　　　　　　　　　　　　　　　　　　／s／ Stephen N. Limbaugh, Jr.
　　　　　　　　　　　　　　　　　　　　　STEPHEN N. LIMBAUGH, JR.
　　　　　　　　　　　　　　　　　　　　　SENIOR UNITED STATES DISTRICT JUDGE