**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

SHANNON J. ROLLINS,                     )
                                        )
            Plaintiff,                  )
                                        )
      v.                                )        Case No. 1:25-cv-00105-SNLJ
                                        )
K. GOGGINS, et al.,                     )
                                        )
            Defendants.                 )

**MEMORANDUM AND ORDER**

Now before the Court is self-represented Plaintiff Shannon J. Rollins's amended complaint brought under 42 U.S.C. § 1983.  [Doc. 6].  Because Plaintiff is proceeding *in forma pauperis* in this action, his pleadings are subject to review under 28 U.S.C. § 1915.  [*See* doc. 5].  Based on such review, the Court will dismiss this case for failure to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B).

**I.      Background**

**A.  Case Procedural History**

Plaintiff is a federal pretrial detainee being held at Ste. Genevieve County Jail. [Doc. 1 at 2].  On September 16, 2025, the Court granted Plaintiff's motion to proceed *in forma pauperis* and directed Plaintiff to file an amended § 1983 complaint, on the Court-provided form, within thirty (30) days.  [Doc. 5].  In that Order, the Court warned Plaintiff that because he is proceeding *in forma pauperis*, his amended pleadings would be reviewed under 28 U.S.C. § 1915 for frivolity, maliciousness, failure to state a claim,

and/or seeking monetary relief from an immune defendant. [*Id.* at 1 (citing 28 U.S.C. § 1915(e)(2)(B))]. The Court also explained to Plaintiff that he could not seek release from confinement, or dismissal of his pending criminal charges, as relief in an action brought under § 1983. [*Id.* at 3-4].

**B. Plaintiff's Pending Criminal Case**

Background on Plaintiff's pending criminal case is important for understanding his allegations in the instant civil § 1983 matter. Plaintiff provides some of this information in his Amended Complaint (*see* doc. 6 at 11-15, 21), but an independent review of Court records provides a complete picture.

Plaintiff was indicted in this Court in October 2023 on one count of receiving child pornography; a second count of being a felon in possession of a firearm was added by superseding indictment in February 2025. *United States v. Rollins*, No. 4:23-cr-00589-MTS [Docs. 2, 85] (E.D. Mo. filed Oct. 2023). After his arrest, Plaintiff was denied bond and appointed counsel. About ten (10) months later, following a court hearing, Plaintiff's request to proceed pro se was granted and his prior counsel was appointed to serve as stand-by counsel. [*Id.* at Docs. 41, 49]. Over the subsequent year-and-a-half, Plaintiff was a very active litigant in his defense, filing an extensive number of motions, objections, and appeals.

At a January 13, 2025 status hearing, Plaintiff raised issues concerning mail delivery at his place of confinement—Ste. Genevieve County Jail. Plaintiff's stand-by counsel told the Court that he would look into the mail issues. The Court also directed the government attorney to inquire into Plaintiff's mail issues and file a Notice with the

Court as to the findings.  [*Id.* at Doc. 65].  Approximately two weeks later, Plaintiff filed

a *pro se* motion for judicial notice regarding "Legal Mail Hardship."  In this motion,

Plaintiff stated that his mail was being delivered incomplete, or in some cases, not at all.

[*Id.* at Doc. 70].  On February 18, 2025, the government filed a notice with the Court

stating that they had investigated mail issues at the Ste. Genevieve County Jail and were

informed that there was no systemic or pervasive mail issue but that, according to Jail

employee Sgt. Kristin Goggin, the Jail had been experiencing problems with mail being

sent to the Jail laced with drugs.  This drug-laced mail was arriving under attorney names

and with the appearance of official legal mail.  So, in an effort to keep inmates safe, all

mail coming into the Jail was being copied.  Sgt. Goggin told the government that

Plaintiff would be provided with the originals of mail sent to him from the U.S.

Attorney's Office, both prior and future mail.  Goggin also said she would look into

concerns that double-sided mail was not being fully copied.  [*Id.* at Doc. 80].

On April 28, 2025, Plaintiff filed another motion regarding his mail and conditions

of confinement at Ste. Genevieve County Jail.  In that motion, Plaintiff states that his

"challenges … with receiving and mailing legal documents while incarcerated … at the

Ste. Genevieve County Jail" continue, and that these challenges amount to a denial of his

rights of access to the court, due process, free speech, confidential communication with

his stand-by counsel, and to be free of retaliation and illegal search and seizure.  Plaintiff

stated that he had been unable to provide specific documents to the Court that were

needed for an ex parte hearing.  He also asserted that federal Marshalls had conducted a

global search of his property, including his legal mail, on March 28 and April 1, 2025,

resulting in disorganized and missing mail.  Plaintiff argued that he could not adequately represent himself pro se while detained at the Jail, and he asked to be moved "to protect his constitutional rights."  [*Id.* at Doc. 100].

At a July 2025 status hearing, Plaintiff again brought up these mail issues with the Court.  Plaintiff made oral motions asking the Court to order administrators at the Ste. Genevieve County Jail to only open his mail in his presence, and to order Jail administrators to cease making copies of his "legal" mail.  [*Id.* at Docs. 110-11].  The Court took the oral motions under advisement and on October 7, 2025, the Court issued a written Order denying them.  [*Id.* at Doc. 139].  In that denial, the Court reiterated that "[n]o reports of delays or tampering" with Plaintiff's mail had been confirmed, and further explained:

> "Prison administrators ... should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security."  *Bell v. Wolfish*, 441 U.S. 520, 547 (1979).  The "legitimate governmental interest in the order and security of penal institutions justifies the imposition of certain restraints on inmate correspondence."  *Procunier v. Martinez*, 416 U.S. 396, 412–413 (1974).  *See Williams v. McClain*, 708 F. Supp. 1086, 1089 (W.D. Mo. 1989) (denying a Section 1983 claim filed by a pretrial detainee as failing to demonstrate that the jail's non-legal mail policy did not have a "reasonable relationship" to security concerns).  *See also Murphy v. Missouri Department of Corrections*, 814 F.2d 1252, 1256 (8th Cir. 1987).  Defendant has not identified a "mail-opening" policy adopted by the administrators of the Ste. Genevieve County Jail, nor has he shown that the jail's decisions to maintain order and security at the penal institution lack a legitimate governmental interest.

[*Id.* at Doc. 139].

On October 20, 2025, Plaintiff filed a "Motion for Objection," contesting the Court's denial of his oral motions regarding his mail issues.  [*Id.* at Doc. 145].  As of the date of this Order, that motion is still pending in Plaintiff's criminal case.  Currently, the case is awaiting part two of an evidentiary hearing, scheduled for May 13, 2026.  [*Id.* at Doc. 96].

**C.  The Amended Complaint**

Plaintiff Shannon Rollins's Amended 42 U.S.C. § 1983 Complaint is brought against the Ste. Genevieve County Jail;[1] nine (9) employees of the Ste. Genevieve County Jail; an indeterminate number of "Unknown Federal Agents;" and a magistrate judge of this Court—Joseph Dueker.  [Doc. 6 at 1-3, 23].  The factual allegations of Plaintiff's Amended Complaint appear to pertain to multiple separate incidents and/or issues.

First, Plaintiff details actions taken by Jail-employee defendants which Plaintiff claims have denied him "meaningful access to Court," "[d]amaged the integrity of an open criminal investigation," and prevented him from receiving "a speedy adjudication of his pending criminal case."  [*Id.* at 4].  Plaintiff alleges that two Jail employees, Major Schott and K. Goggin,[2] "authorized" other defendants "to copy [Plaintiff's] confidential & privileged legal mail from lawyers & stand-by counsel and also 'sealed' information from forensic experts."  [*Id.* at 3, 12-13].  In addition, another Jail employee, S. Thomure,

---

[1] It is unclear whether this defendant is the Ste. Genevieve County Jail or just Ste. Genevieve County itself, as Plaintiff names both in his Amended Complaint.  [*See* Doc. 6 at 1, 4, 20, 23].  As such, the Court will discuss how Plaintiff fails to state a claim against both these defendants in its analysis herein.

[2] The Clerk of Court will be asked to update the spelling of this defendant's name on the docket sheet from "K. Goggins" to "K. Goggin."  [*See* Doc. 6 at 3].

allegedly refused to give Plaintiff originals of "'sealed' confidential and privileged information" relating to his pending criminal case, which was mailed to him from a computer forensic company on April 7, 2025. [*Id.* at 3, 15]  Finally, on multiple dates in February 2025, Jail employee J. Crump allegedly refused to make copies of Plaintiff's handwritten motions. [*Id.* at 4].

Second, Plaintiff complains about a "global shake down" search of "the entire [Jail] facility" done on March 28, 2025 by "Unknown Federal Agents & Staff of Ste. Genevieve County Jail" conducted "at the request of the United States Marshal's Office." [*Id.* at 4, 17].  Plaintiff alleges that his legal mail was searched, that his living area was "destroyed," and that some of his property was removed, including a phone cord (valued at $10), a handmade set of Terra Cards (valued at $2,500), and items he "purchased on canteen." [*Id.*]

In a Supplemental attached to the Amended Complaint, Plaintiff attempts to provide some clarification by listing his legal claims. [*Id.* at 20-22].  As to Ste. Genevieve County, Plaintiff alleges violations of his First and Fourteenth Amendment rights to access the Court.  As to the nine (9) Jail employees, Plaintiff brings claims of: (1) Fourth and Fourteenth Amendment violations for illegal search and seizure of personal property and legal mail; (2) First, Fourth, Sixth, and Fourteenth Amendment violations for interfering with his privileged communications and legal mail; (3) First and Fourteenth Amendment violations for denying access to the Court by "failing to give the Plaintiff access to law library [and] by giving computer tablet with 0 battery life on

- 6 -

several occasions;" and (4) First, Fourth, and Fourteenth Amendment violations for denying him access to the Court by refusing to make copies of his handwritten motions.

Third, as to defendant Magistrate Judge Joseph Dueker, Plaintiff complains that the Judge improperly denied him bond in his criminal case. After denial of bond, Plaintiff filed multiple objections, appeals, and motions to reconsider the denial. Plaintiff further alleges that Judge Dueker improperly denied these additional requests. [*Id.*]

Besides the alleged injuries to his defense in his pending criminal case, Plaintiff asserts that he has suffered extreme mental distress and anxiety. Furthermore, because Plaintiff is defending himself pro se, he argues that defendants' actions have intentionally hindered a timely final adjudication in his criminal case. [*Id.* at 4, 15].

For relief, Plaintiff seeks millions of dollars; an "emergency" order directing that Jail administrators stop copying his legal mail; that all Jail staff be terminated "for knowingly violating [his] constitutional rights" and "actively interfering in [his] criminal case;" and dismissal of his criminal charges. [*Id.* at 5, 6, 13, 17, 21].

## II.    Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that

if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

### III.   Discussion

Upon review under 28 U.S.C. § 1915(e)(2), the Courts finds that Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted as to all the named defendants. As such, for the reasons discussed in detail below, this case will be dismissed. 28 U.S.C. § 1915(e)(2)(B).

## A. Access-to-Court Claims

Under the First Amendment, the freedom to petition the government for redress of grievances includes the right of access to courts. *BE & K Constr. Co. v. N.L.R.B.*, 536 U.S. 516, 524-25 (2002). The Due Process clause of the Fourteenth Amendment makes the First Amendment applicable to the states. *Republican Party of Minnesota v. White*, 416 F.3d 738, 748 (8th Cir. 2005) (citations omitted). The Eighth Circuit has recognized that, when bringing an access-to-courts claim, it is insufficient to merely allege a denial of access to a law library or other specific resource, even if the denial is systemic. *Sabers v. Delano*, 100 F.3d 82, 84 (8th Cir. 1996) (citing *Lewis v. Casey*, 518 U.S. 343, 353 n.4 (1996)). Instead, the plaintiff must plead (and ultimately prove) that the lack of the library or other resource deprived him of some specific opportunity to defend himself, or advance a viable legal claim, in a criminal appeal, postconviction matter, or civil rights action seeking to vindicate constitutional rights. *Id.* Speculation that injuries might occur or could have occurred is insufficient. *Hartsfield v. Nichols*, 511 F.3d 826, 833 (8th Cir. 2008) ("[a]bsent an articulation of how the alleged wrongful conduct actually blocked [the prisoner's] access to filing a complaint, or caused a filed complaint to be deficient, [the prisoner's] alleged injuries are merely speculative"). To state a claim for a violation of this right, inmates must assert that they suffered an actual injury to pending or contemplated legal claims. *See Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir. 1996); *see also Gardner v. Howard*, 109 F.3d 427, 431 (8th Cir. 1997) (stating that an inmate must demonstrate that he has suffered prejudice in order to assert a successful claim of denial of meaningful access to the courts).

- 9 -

Here, Plaintiff alleges that his constitutional right to access the Court was violated by Ste. Genevieve County and/or Ste. Genevieve County Jail, and nine (9) Jail employees.  According to Plaintiff, his rights were violated when he was denied copies of his handwritten motions, when his legal and/or privileged mail was opened and copied, when he wasn't given access to the law library, and when he was given a computer tablet with no battery life.

Plaintiff's access-to-courts claim fails because he does not allege an actual injury. Plaintiff speculates that the defendants' actions at the Jail have injured his ability to defend himself pro se in his pending criminal matter, but he provides no evidence of any injury.  In his criminal case pleadings, Plaintiff mentions being unable to provide documents for an ex parte hearing, but he never states a resulting injury, nor does a review of his criminal case record indicate one.  Plaintiff fails to demonstrate that he was prejudiced by any alleged opening and copying of mail, denial of motion copies, or lack of access to the law library and computer tablets.

Furthermore, Plaintiff's mail and copy issues have already been reviewed and examined by the Court in his criminal case, and his motions regarding these issues were denied.[3]  To the extent that Plaintiff's "objection" to that denial is still pending in his criminal case, the issue is properly before the Court in that matter.  Upon completion of his criminal case, Plaintiff may choose to raise these issues on appeal.  However, where

---

[3] Plaintiff states in his Amended Complaint that an "ORDER" was issued in his criminal case that "prohibit[s] the common practice of copying [Plaintiff's] legal mail."  [Doc. 6 at 14].  Plaintiff provides no citation to such an Order, and as discussed above, the Court denied Plaintiff's motions concerning his mail at the Jail and discussed the importance of deference to jail administrators in making policies based on legitimate governmental interests like safety and security. *United States v. Pierson*, No. 4:23-cr-00589-MTS, [Doc. 139 at 1-2].

no actual injury is alleged in support of an access-to-court claim, dismissal for failure to state a claim is proper.  *See Hartsfield*, 511 F.3d at 832.

**B.  Claims Involving the Jail Search**

Plaintiff also complains that Jail employees and "Unknown Federal Agents" conducted an improper search of the entire Ste. Genevieve County Jail in March 2025. However, the Fourth Amendment's proscription against unreasonable searches does not apply within the confines of a prison cell, because prisoners do not have a legitimate expectation of privacy in their cells.  *Hudson v. Palmer*, 468 U.S. 517, 526 (1984).  In addition, although the Eighth Amendment does protect prisoners from frequent retaliatory cell searches, Plaintiff here only alleges one or two searches over his year-plus period of detention.  *See Scher v. Engelke*, 943 F.2d 921, 924 (8th Cir. 1991). Furthermore, there is no evidence indicating that the March 2025 search was instigated out of retaliation against Plaintiff, as Plaintiff admits that the entire Jail was searched and that his "entire block" filed complaints and grievances about the search.  [Doc. 6 at 17].

To the extent Plaintiff is alleging that the search constituted an unconstitutional condition of confinement, this claim also fails.  The Fourteenth Amendment's Due Process Clause is used to evaluate pretrial detainee's claims concerning their conditions of confinement.  *Stearns v. Inmate Servs. Corp.*, 957 F.3d 902, 906 (8th Cir. 2020) (citing *Bell v. Wolfish*, 441 U.S. 520 (1979)).  According to the United States Supreme Court, the government may detain defendants prior to trial but the conditions of confinement at the detention facility cannot "amount to punishment, or otherwise violate the Constitution."  *Bell*, 441 U.S. at 536-37.  The Court described two ways to determine

- 11 -

whether the conditions rise to the level of punishment.  A plaintiff could demonstrate that the conditions of confinement were intentionally punitive.  Alternatively, if no intent to punish was expressed, a plaintiff could show that the conditions were not reasonably related to a legitimate governmental purpose or were excessive in relation to that purpose. *Id.* at 538-39.

In this case, Plaintiff has not alleged an intention to punish on the part of the Jail employees or the Federal Agents when they conducted the search.  Furthermore, there is no suggestion that the search was conducted for any reason unrelated to a legitimate governmental purpose.

Finally, as to the alleged confiscation of property during the search, there is no cause of action under 42 U.S.C. § 1983 for unconstitutional taking of personal property where the state provides an adequate post-deprivation remedy.  *See Clark v. Kansas City Missouri Sch. Dist.,* 375 F.3d 698, 702 (8th Cir. 2004) ("When a state employee's unauthorized, random acts deprive a person of property, the state employee's acts do not violate the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available").  Missouri provides an adequate post-deprivation remedy.  *See Orebaugh v. Caspari*, 910 F.2d 526, 527 (8th Cir. 1990).  Specifically, an individual claiming the right to possession of personal property may bring an action in replevin. Mo. R. Civ. P. 99.01; *see also Allen v. City of Kinloch*, 763 F.2d 335, 337 (8th Cir. 1985) (stating that plaintiff seeking return of personal property under 42 U.S.C. § 1983 failed to establish any violation of his constitutional rights because he could obtain adequate relief by filing a replevin action

under Missouri law).  As a result, Plaintiff cannot make a constitutional claim for loss of property in this Court.

For these reasons, Plaintiff's constitutional claims alleging illegal search and seizure, brought under the Fourth, Eighth, and Fourteenth Amendments, must be dismissed for failure to state a claim upon which relief may be granted.

## C.  Defendants Ste. Genevieve County and Ste. Genevieve County Jail

To the extent Plaintiff is bringing claims against the Ste. Genevieve County Jail, the complaint is also subject to dismissal because jails and local government detention centers are not suable entities under 42 U.S.C. § 1983.  *Owens v. Scott Cnty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (affirming dismissal of § 1983 claim because "county jails are not legal entities amenable to suit."); *De La Garza v. Kandiyohi Cnty. Jail, Corr. Inst.*, 18 F. App'x 436, 437 (8th Cir. 2001) (holding that neither county jail nor sheriff's department is a suable entity under § 1983).

As to defendant Ste. Genevieve County, a governmental entity like the County can be sued directly under § 1983.  *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978).  Liability under § 1983 may attach if the constitutional violation resulted from (1) an official policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise.  *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018).

Liberally construing the allegations in this case, Plaintiff is asserting that the County's policy of opening and copying delivered mail violates his constitutional rights. However, as discussed above, Plaintiff points to no actual injury suffered as a result of

- 13 -

this policy.  Therefore, he fails to adequately allege that the County's policy resulted in a constitutional violation.  For this reason, Plaintiff's claims against the County must be dismissed for failure to state a claim upon which relief may be granted.

## D.  Defendant Magistrate Judge Joseph Dueker

Finally, Plaintiff's claim against Judge Joseph Dueker is barred by immunity. Judicial immunity grants absolute immunity to judges from civil lawsuits based on alleged judicial misconduct, subject to two exceptions: (1) when a judge does not act within his judicial capacity or (2) when a judge takes judicial action in the complete absence of all jurisdiction.  *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *see also Liles v. Reagan*, 804 F.2d 493, 495 (8th Cir. 1986).

Here, Plaintiff alleges wrongdoing by Judge Dueker in the performance of his judicial duties in Plaintiff's criminal proceedings.  Plaintiff does not assert that Judge Dueker acted outside his judicial capacity or without jurisdiction.  Under the Local Rules of this Court, criminal actions with a felony indictment are referred to a magistrate judge for ruling or recommendation on all pretrial motions.  E.D. Mo. L.R. 2.08(B).  All of Judge Dueker's allegedly unlawful actions were judicial in nature and within the jurisdiction of the Court.  Moreover, judicial immunity applies "even when the judge is accused of acting maliciously and corruptly."  *Pierson v. Ray*, 386 U.S. 547, 554 (1967).

Because Judge Dueker acted within his judicial capacity and within the Court's jurisdiction, he is granted absolute immunity from civil suit as to Plaintiff's claims against him.  Plaintiff's Amended Complaint must be dismissed as to Judge Dueker as well.

- 14 -

### IV.   Conclusion

Based on careful consideration and liberal construction of the allegations of Plaintiff's Amended Complaint, the Court finds that this case must be dismissed for failure to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall change the docket sheet spelling of defendant "K. Goggins" to "K. Goggin."

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the Amended Complaint because the Amended Complaint fails to state a claim upon which relief can be granted.  Plaintiff's claims against defendants Major Schott, K. Goggin, M. Tubbs, S. Thomure, J. Crump, C. Schmitt, J. Prest, J. Flieg, N. Bowling, Unknown Federal Agents, Ste. Genevieve County, Ste. Genevieve County Jail, and Judge Joseph Dueker are **DISMISSED without prejudice**.  *See* 28 U.S.C. § 1915(e)(2)(B).  An Order of Dismissal will accompany this Memorandum and Order.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

**SO ORDERED** this 4th day of May, 2026.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE

- 15 -